## Hopkins v. Knupp

*C. Dick Cable*, and *Donald S. Mervine*, for plaintiff.

*John H. Cartwright, Alvin B. Coppolo*, and *Stone & Flick*, for defendant.

WADE, P. J., July 12, 1950.—Charles S. Hopkins brought an action in assumpsit against Montana O. Knupp in the sum of $3,500, the basis of which was an alleged breach of an oral contract of July 21, 1948. It is alleged that in this contract defendant agreed to engage plaintiff to manage certain real estate holdings of defendant and, pursuant thereto, plaintiff did enter into such employment and "as manager of the Montana O. Knupp properties and served the defendant in that capacity for the period of 10 weeks", after July 21, 1948. In case of termination of the relationship it was provided that plaintiff was to receive 25 percent of the net increased value of any property derived from the efforts of plaintiff. On October 1, 1948,

plaintiff claims defendant discharged him. Further, plaintiff alleges that he developed the lumber holdings of defendant at Scandia, Warren County, so that the value increased from $20,000 to $30,000, and he developed the holdings of defendant located at Spring Creek, Warren County, Pa., so that the value increased from a value of $8,000 to $12,000. Twenty-five percent of the increase in value amounted to $3,500, wherefore plaintiff claims of defendant that amount as due and owing under the terms of the oral contract.

Counsel for defendant filed a motion for more specific plaintiff's claim, contending that "Plaintiff's complaint has not set facts forth 'with sufficient particularity and precision to give defendant clear, exact and definite information of the nature, character and foundation of the demand he is to meet; nor is plaintiff's complaint drawn in such manner as to give defendant fair notice of all that is expected to be proved against him and thus enable him to prepare his defense' ". In support therefor counsel says:

"There are countless ways by which plaintiff could have increased the value of defendant's holdings. Defendant is entitled, under the present Pennsylvania Rules of Practice, to know just in what manner or how plaintiff has increased the value of her holdings. . . ."

This court is of the opinion that the complaint does set forth sufficient matters so that defendant can prepare her defense without prejudice to her rights. Plaintiff alleges that he increased the value of certain timber properties, and at the trial the burden is on plaintiff to show how he increased these values. At that time he will be met with the usual rules of evidence and must, with competent evidence, demonstrate to the court and jury how this was done. However, in the pleadings it is not necessary to set forth the evidence of the precise manner in which the increase was

obtained. Counsel contends that his client is entitled to know, before the trial, "just in what manner or how plaintiff has increased the value". Such material would be evidential facts, and in the opinion of this court, would not be properly included in the pleading.

And now, to wit, July 12, 1950, the motion for a more specific plaintiff's complaint in the above-entitled action be and the same is hereby dismissed.